TRINITY BUILDINGS CORPORATION OF NEW YORK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROCKWOOD ALABAMA STONE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92551, 92552. Promulgated December 28, 1939.

*Paul L. Peyton, Esq.*, for the petitioner.
*Conway Kitchen, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner held that the consolidated return filed by the Realty Co., as parent would not be recognized because the Savoy-Plaza Corporation had omitted to file form 1122. He determined deficiencies as on separate returns. The petitioners, members of the affiliated group, demand the recognition of the consolidated return, arguing primarily that the Savoy-Plaza Corporation was in bankruptcy during the taxable year, its shares worthless, its corporate organization a "mere shell", and that hence it was not properly to be regarded as affiliated.

A similar question as to the year 1932 was presented by the same affiliated group of taxpayers in *Lawyers Building Corporation*, 35 B. T. A. 540; affirmed *sub nom Fuller Co.* v. *Commissioner*, 92 Fed. (2d) 72. It was held that, since the adjudication in bankruptcy was not made until December 1, 1932, the corporation was properly regarded as a member of the affiliated group under section 141 (d), and that its failure to file its consent on form 1122 prevented the filing of a consolidated return. In the present case the bankruptcy existed throughout the entire year 1933 and the petitioners urge that this distinction in fact makes the decision inapplicable and requires a different result. This is not so.

Bankrupt corporations are dealt with in section 52 of the Revenue Act of 1932,[1] providing that returns for the corporations shall be

---

[1] SEC. 52. CORPORATION RETURNS.

    (a) REQUIREMENT.—Every corporation subject to taxation under this title shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make returns for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.

    (b) CONSOLIDATED RETURNS.—For provision as to consolidated returns of affiliated corporations, see section 141.

made by the trustee, and any tax due collected from the trustees in the same manner as from the corporations. By a reference to section 141, affiliated corporations were brought within the section. Regulations 77, article 392, implements the statute. Section 52 is not discussed in argument by either party here, although it was clearly suggested in *Lawyers Building Corporation*, *supra*, as support for the Commissioner's refusal to recognize the consolidated return. On appeal, the court apparently found it unnecessary to consider section 52 because to support the decision it was enough that the Savoy-Plaza Corporation had not been in bankruptcy during the entire year and had withheld the consent which the regulations required and the corporation was free to give. While, therefore, the court's opinion affords no authority for the decision of the present case, the Board's opinion clearly pointed the way.

Looking alone, therefore, at section 52 and section 141, it seems clear that the bankrupt corporation was, by reason of the Realty Co.'s ownership of its shares, a member of the affiliated group for which a consolidated return could not as of right be filed unless all members of the group consented on form 1122 to the applicable regulations; and that this is none the less so because the shares of the bankrupt corporation may have been worthless [2] or because its business and properties were being operated by a trustee in bankruptcy.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

[2] It may not be amiss to say that despite the alleged worthlessness of the Savoy-Plaza Corporation shares they were not charged off the Realty Co.'s books until February 1933.